UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ANTHONY T. FONTANEZ,**<br><br>   **Plaintiff,**<br><br> v.<br><br>**MARCUS O. HICKS, ESQ., COMMISSIONER OF THE NEW JERSEY STATE DEPARTMENT OF CORRECTIONS, in his official and individual capacities, et al.,**<br><br>   **Defendants.** | <u>**Civil Action No. 2:20-cv-20286-KSH-CLW**</u><br><br><u>**OPINION AND ORDER**</u> |

**I. <u>Introduction</u>**

  This matter comes before the Court on the unopposed motion of plaintiff Anthony T. Fontanez ("Plaintiff"), seeking (i) discovery as to the identities and contact information of certain individuals alleged to be involved in the events underlying Plaintiff's complaint; (ii) leave to file an amended complaint naming such individuals as defendants; (iii) an extension of time to serve defendants with the summons and amended complaint; and (iv) a stay on motions to dismiss pending service of the amended complaint upon all defendants. D.E. 6. The Honorable Katharine S. Hayden has referred the motion to the undersigned. The Court has carefully considered the relevant submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, Plaintiff's motion is GRANTED IN PART and DENIED IN PART.

**II. <u>Background</u>**

  Plaintiff, a New Jersey state prison inmate, asserts violations of his state and federal constitutional rights and pendent state claims primarily relating to an alleged January 2019 incident involving excessive force by corrections officers at Northern State Prison ("NSP").

Plaintiff sues the following categories of defendants: (i) four "Correction[s] Officer Defendants" named Brigs, Pozo, Collins, and Vick, who are alleged to have assaulted Plaintiff; (ii) two "Policymaker Defendants," who are alleged to have permitted the alleged assault—namely (1) Commissioner of the New Jersey Department of Corrections Marcus O. Hicks, Esq.; and (2) former NSP warden Steven Johnson; (iii) several "John Doe" Corrections Officer defendants, whom Plaintiff alleges were involved in the assault, but cannot identify; and (iv) one or more unidentified prison administrators. See generally D.E. 1 (the "Complaint"); D.E. 6-1 at ¶¶ 4-6.

Plaintiff has served the Complaint upon Brigs, Pozo, Vick, and Hicks. See D.E. 4, 5. He has been unable to serve Collins and Johnson, who are believed to no longer work at NSP and for whom Plaintiff does not have current contact information. D.E. 6-1 at ¶¶ 4-5, Exhibits A-B.

### III. Legal Standards

Concerning Plaintiff's motion for discovery, generally, "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)". FED. R. CIV. P. 26(d)(1). However, circumstances sometime warrant deviation from this rule and mandate expedited discovery (as well as a stay on pre-answer dispositive motions, likewise at issue here). As explained by the Third Circuit,

> [t]he need for discovery before testing a complaint for factual sufficiency is particularly acute for civil rights plaintiffs, who often face informational disadvantages. Plaintiffs may be unaware of the identities and roles of relevant actors and, owing to their incarceration or institutionalization, unable to conduct a pre-trial investigation to fill in the gaps. . . . [O]ur cases permit the naming of fictitious defendants as stand-ins until the identities can be learned through discovery. . . . [I]n such cases, access to discovery may well be critical.

Alston v. Parker, 363 F.3d 229, 233 n.6 (3d Cir. 2004) (citations omitted).  Courts apply a good cause standard to pre-Rule 26(f) requests for discovery to determine the identities of John Doe

2

defendants or to enable a plaintiff to serve the summons and complaint. See, e.g., Teets v. Doe, 2021 U.S. Dist. LEXIS 39831, at *4-5 (W.D. Pa. Mar. 3, 2021) (applying good cause standard to request for discovery into identity of unknown corrections officer defendants); Good Man Prods. v. Doe, 2015 U.S. Dist. LEXIS 24724, at *5 (D.N.J. Mar. 2, 2015) (granting expedited discovery "necessary to allow Plaintiff to identify the appropriate defendant, and to effectuate service of the Amended Complaint"). Under this approach, "the court considers the totality of the circumstances to discern whether the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." Teets, 2021 U.S. Dist. LEXIS 39831, at *3-4 (citing cases).

Plaintiff's motion for leave to file an amended complaint is governed by FED. R. CIV. P. 15(a)(2), under which "a party may amend its pleading . . . with . . . the court's leave. The court should freely give leave when justice so requires." The "three instances when a court typically may exercise its discretion to deny a Rule 15(a) motion for leave to amend [are] when '(1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party.'" United States ex rel. Customs Fraud Investigations, LLC v. Victaulic Co., 839 F.3d 242, 249 (3d Cir. 2016) (quoting U.S. ex rel. Schumann v. Astrazeneca Pharm. L.P., 769 F.3d 837, 849 (3d Cir. 2014)). Finally, Plaintiff's request for an enlargement of time for service implicates FED. R. CIV. P. 4(m), under which a plaintiff generally has ninety days from the filing of his complaint to effect service.

### IV.    Analysis

#### a. Motion for Expedited Discovery

Applying the above factors, the Court will grant Plaintiff's motion for discovery as to the identities of the John Doe defendants and contact information for Collins and Johnson. In the

case of Collins and Johnson, Plaintiff has demonstrated good faith in attempting service at their last known place of employment. In the case of the John Does, Plaintiff avers, and the Court appreciates, that Plaintiff cannot identify all the officers involved in the alleged assault and its aftermath. D.E. 6-1 at ¶ 6. It is plain that Plaintiff requires this information to prosecute his claims, and equally clear that no prejudice would result therefrom. See, e.g., Alston, 363 F.3d at 233 n.6 ("If discovery is sought by a plaintiff . . . and if it would aid in the identification of responsible defendants or the lack thereof, district courts should strongly consider granting it."); Teets, 2021 U.S. Dist. LEXIS 39831, at *5 (in § 1983 case brought by incarcerated plaintiff, court found good cause "to permit limited expedited discovery for Plaintiff to discern the identities of the three John Doe [Department of Corrections] Defendants referenced in the Complaint in order to effectuate such service. In the absence of such discovery, Plaintiff can neither identify nor serve the John Doe Defendants and thus this action cannot proceed."). However, the Court will not go so far as to "order[ ] the requested discovery" from Hicks and/or the State of New Jersey (which is not a party to the case). See D.E. 6-2 at 7; 6-4 at ¶¶ 2-3. Plaintiff instead will be granted leave to serve limited discovery requests and/or subpoenas to enable him to obtain the above-referenced information.

    b. **Motion to File an Amended Complaint**

It follows from the above that Plaintiff should be granted leave to file an amended complaint naming the currently unknown defendants. Plaintiff must be permitted to proceed against all parties believed to have violated his rights, and none of the factors warranting denial of this request are present here. See FED. R. CIV. P. 15(a)(2); Victaulic, supra.[1]

---

[1] To be clear, Plaintiff has requested—and is granted leave—only to name new defendants in the place of the Complaint's John Does, not to add substantive allegations.

c. **Motion to Stay Motions to Dismiss**

The Court will deny Plaintiff's request to bar motions to dismiss pending service of the amended complaint upon all defendants. As noted, "[t]he need for discovery before testing a complaint for factual sufficiency is particularly acute for civil rights plaintiffs, who often face informational disadvantages. Plaintiffs may be unaware of the identities and roles of relevant actors and, owing to their incarceration or institutionalization, unable to conduct a pre-trial investigation to fill in the gaps." 363 F.3d at 233 n.6 (citation omitted). As discussed, because some such gaps appear to exist here, the Court will permit Plaintiff a reasonable opportunity to fill them in and file an amended complaint.

The circumstances do not, however, warrant delaying motions testing the sufficiency of the forthcoming amended complaint once it is filed. By the time Plaintiff will have done so, he ostensibly will have completed the investigation into the identities of the John Doe defendants. While it is clear that the defendants should not move to dismiss while Plaintiff's pre-filing investigation is pending (indeed, any such motions would be mooted by the filing of the amended complaint), there is no reason to preclude one party's dismissal motion in the period between completion of this investigation (marked by the filing of the amended complaint) and completion of service upon all other defendants. Whether such defendant moves to dismiss before or after all other parties have been served, "[t]o withstand [such a] motion, a plaintiff need only make out a claim upon which relief can be granted. If more facts are necessary to resolve or clarify the disputed issues, the parties may avail themselves of the civil discovery mechanisms under the Federal Rules." Id. (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002)). To this end, Alston, the matters it cites, and the cases cited by Plaintiff support only the denial of motions to dismiss to allow plaintiffs the opportunity to conduct discovery to support their

claims. None of this authority establishes that there is anything unique about the period between filing and completion of service such that a defendant served early in Rule 4(m)'s ninety-day period should have to wait until after the amended complaint has been served on all parties before challenging its sufficiency. The Court therefore will deny this portion of Plaintiff's motion.

### d. Motion for Extension of Time to Serve the Summons and Amended Complaint

Plaintiff's request for an extension of time to serve the summons and amended complaint is denied as moot. This is for the following—somewhat convoluted—reasons.

#### i. John Doe Defendants

Concerning the John Doe defendants, "if an amended complaint names a new defendant, the plaintiff must serve that defendant with the summons and amended complaint in compliance with Rule 4." Linwood Trading, LTD. v. E.S. Recycling Express Corp., 2017 U.S. Dist. LEXIS 70590, at *12 (D.N.J. May 9, 2017) (quoting Kaden v. Chamisa Arts, Inc., 2016 U.S. Dist. LEXIS 92814, at *8 (W.D. Tex. July 15, 2016)); see also 4B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1146 (4th ed.) ("[A]mended or supplemental pleadings must be served on parties who have not yet appeared in the action in conformity with Rule 4."). Thus, "[p]ractically speaking, where a plaintiff amends his complaint and adds a new defendant, the [ninety] day time frame implemented by Rule 4(m) to effectuate service on that newly-named defendant restarts with the filing of the amended complaint." Cotton v. Allegheny Cty., 2012 U.S. Dist. LEXIS 144058, at *17 (W.D. Pa. Oct. 4, 2012) (citing Lindley v. City of Birmingham, 452 F. App'x 878, 880 (11th Cir. 2011)). As to these putative parties, therefore, service will be required within ninety days of filing of the amended complaint, per Rule 4(m).

6

### ii. Defendants Collins and Johnson

Service upon Collins and Johnson, who have been named in the Complaint but not served, likewise will be governed by Rule 4. With respect to such parties, who have "neither appeared nor defaulted, Federal Rule of Civil Procedure 4's service requirements apply to the Amended Complaint"; therefore, Plaintiff "must properly serve the Amended Complaint . . . [per] Rule 4(m)". Justice v. Psi-Intertek, 2021 U.S. Dist. LEXIS 655, at *3 (N.D. Tex. Jan. 4, 2021) (citing cases); cf. Bradley v. Miller, 2013 U.S. Dist. LEXIS 76109, at *14 (S.D. Ohio May 30, 2013) ("Once Defendant was served with the summons and complaint, the rules of service change from Rule 4 to Rule 5."). Plaintiff therefore will be required to serve Collins and Johnson within ninety days of the filing of the amended complaint.[2]

### iii. Defendant Hicks

Concerning Hicks, who has been served with the Complaint, Rule 5 will control service of the amended complaint. See Bradley, supra; e.g., Freedom Med. v. Hall, 2012 U.S. Dist. LEXIS 204399, at *3 (E.D. Pa. Sep. 20, 2012) ("Rule 5 controls service of an amended complaint, at least when, as is the case here, the defendants to be served were named in a prior complaint and were properly served with that prior complaint under Rule 4."); Local Civil Rule 5.1(a), supra; 4B Wright & Miller at § 1146 ("The service provisions of Rule 5 apply . . . to

---

[2] It is noted that Local Civil Rule 5.1(a) states that "[s]ervice of all papers other than the initial summons and complaint shall be made in the manner specified in Fed. R. Civ. P. 5(b)." However, the Court deems the John Doe defendants, Collins, and Johnson (who have not been served with the original Complaint) to fall outside the scope of this provision. Cf. Chamarac Props., Inc. v. Pike, 1992 U.S. Dist. LEXIS 16860, at *45 (S.D.N.Y. Oct. 30, 1992) ("With respect to the original defendants, the Third Amended Complaint constituted a 'pleading subsequent to the original complaint' pursuant to Rule 5(a) of the Federal Rules of Civil Procedure. With respect to the New Defendants, the Third Amended Complaint constituted the original complaint [and thus] was required to have been served in accordance with Rule 4.") (citing Fed. R. Civ. P. 3, 4).

parties who have appeared."). Presuming that the amended complaint will be filed electronically, it will be deemed served upon filing, thus mooting this request. See FED. R. CIV. P. 5(b) (permitting service by "sending [a document] to a registered user by filing it with the court's electronic-filing system . . . [in which case] service is complete upon filing"); e.g., Emp. Painters' Tr. v. Ethan Enters., 480 F.3d 993, 995-96 (9th Cir. 2007) ("[A]n amended complaint can often be served in the same manner as any other pleading [e.g., electronic filing] if the original complaint is properly served and the defendants appeared in the first instance.").[3]

### iv. Defendants Brigs, Pozo, and Vick

Finally, since Brigs, Pozo, and Vick, like Hicks, have been served with the Complaint, Rule 5 applies to service of the amended complaint upon them. See supra. These parties notably differ from Hicks in that they have failed to answer the Complaint within the time allotted to do so, and therefore are in default for Rule 5(b) purposes. See, e.g., Macias v. White, 2018 U.S. Dist. LEXIS 4302, at *1 n.1 (E.D. Pa. Jan. 10, 2018) ("When a defendant is served with the summons, does not appear, and does not answer within the requisite period, he or she may properly be regarded as a 'party in default'" for purposes of Rule 5(b)) (citing cases). In turn, Rule 5 states that "[n]o service is required on a party who is in default for failing to appear", unless the pleading . . . "asserts a new claim for relief against such a party". FED. R. CIV. P. 5(a)(2). Thus, where, as here, "an amended complaint contains 'no new or additional claims for relief, it need not be served on the defaulting defendant.'" D'Angelo v. Potter, 221 F.R.D. 289, 292 (D. Mass. 2004) (quoting Combs v. Coal & Mineral Management Services, Inc., 105 F.R.D. 472, 474 n.1 (D.C. Cir. 1984); citing Appleton Electric Co., v. Graves Truck Line, Inc., 635 F.2d

---

[3] If, for whatever reason, Plaintiff does not electronically file the amended complaint, he will need to serve Hicks through other means stated in Rule 5(b). As Rule 5 does not provide a time limit for service, in this event the Court will grant Plaintiff ninety (90) days from filing to serve Hicks.

603, 610 (7th Cir. 1980)). Accordingly, Plaintiff need not serve these parties with the amended complaint.

V.      **Conclusion**

For the reasons stated herein, it is on this 23rd day of April hereby

**ORDERED** that Plaintiff's motion for expedited service is GRANTED to the extent that Plaintiff may serve discovery requests and/or subpoenas geared toward, and limited to, obtaining (i) the identities of the "John Doe" corrections officer defendants claimed to have been involved in the alleged events underlying Plaintiff's Complaint; (ii) the identit[ies] of the "John Doe Administrator[s]" referenced in Plaintiff's Complaint; and (iii) the last known addresses for defendants Steven Johnson and Corrections Officer Collins, within fourteen (14) days of this Order; and it is further

**ORDERED** that Plaintiff shall file an amended complaint naming the defendants identified through such means by June 30, 2021; and it is further

**ORDERED** that Plaintiff's request for an enlargement of time to serve the summons and amended complaint is DENIED AS MOOT;[4] and it is further

**ORDERED** that Plaintiff shall serve the summons and amended complaint upon all defendants per FED. R. CIV. P. 4 and 5; and it is further

**ORDERED** that Plaintiff's request for the defendants to be barred from filing motions to dismiss the amended complaint pending completion of said service is DENIED; and it is further

**ORDERED** that Plaintiff shall serve a copy of this Opinion and Order upon the Attorney General of the State of New Jersey within seven (7) days of this Order.

*/s/ Cathy L. Waldor*
Cathy L. Waldor, U.S.M.J.

---

[4] See footnote 3, supra.